1835.<br>Denniston<br>v.<br>Vischer.

---

## DENNISTON vs. VISCHER.

On an appeal from an interlocutory order of a vice chancellor, retaining fees for solicitor and counsel, are taxable; but not a charge for an abbreviation of the pleadings, depositions and exhibits for the use of counsel. These last charges can only be allowed where the cause upon the appeal is heard as a calendar cause.

A charge for abbreviating the schedules annexed to a bill, or answer, is not taxable.

This was an application for the retaxation of costs. The defendant having appealed from an interlocutory order of a vice chancellor, such order was reversed with costs. The appellant claimed retaining fees for her solicitor and counsel on the appeal; and also an allowance for abbreviating the pleadings in the cause, and the schedules annexed. The taxing officer disallowed these charges, on the ground that they were not applicable to an appeal from an order made upon motion or petition.

March 3.

J. Rhoades, for the appellant.

J. King, for the respondent.

THE CHANCELLOR. The principle upon which the allowance for retaining fees was made in the case of *Lampman* v. *Hand & Whaley*, (4 *Paige's Rep.* 120,) is equally applicable to an appeal from an order made by a vice chancellor, upon motion or petition. The retaining fees must therefore be allowed in this case. And abbreviation of the pleadings, depositions and exhibits for the use of counsel upon the appeal, are only to be allowed where the cause upon the appeal is heard as a calendar cause, and not where it is entitled to be heard as a special motion. No allowance is made by the fee-bill

for the abbreviating of schedules annexed to the bill or answer; and such service is but seldom, if ever performed, except in those cases where the originals of such schedules are made exhibits in the cause. In that case an allowance is made by the fee-bill for abbreviating them as exhibits. The charge for retaining fees must therefore be added to the bill as taxed; and no costs are to be allowed to either party on this application.