## IN EQUITY.

STEVEN V. R. WATSON, Respondent, vs. HAMILTON HARRIS, impleaded, &c., Appellant.

Previous to the late amendment of the 20th section of the Judiciary Act, a general term of this court had no jurisdiction to hear an appeal from a decree of a Vice-Chancellor, unless it was ordered to be so heard by a justice of this court holding a special term.

Where a suit commenced in the late Court of Chancery, before the first Monday of July, 1847, the papers having been transferred to the office of the clerk of a county in which one of the Defendants resides, under the 142 equity rule of this court, the cause can only be heard in that county or in an adjoining county; and if, in such a case, an order to transfer be improperly granted, and the papers be transferred to a wrong county, the proper remedy is to move to set aside the order.

But where an appeal from a decree of a Vice-Chancellor has been made since the first Monday of July last, and the appeal papers have been filed in a county in which the Defendants, or one of them reside, *held*, that it was a suit or proceeding commenced in this court within the meaning of the 50th and 51st sections of the Judiciary Act, and that the subsequent papers must be filed in the same county, and that such appeal must be heard in that county or an adjoining county.

This was a motion to set aside for irregularity a decree of affirmance taken by the Plaintiff by default at the Erie general term, on the 6th December last.

The cause had been commenced in the late Court of Chancery, and a decree made therein by the late Vice-Chancellor of the 8th circuit.

An appeal from the decree was entered in this court since the first Monday of July last, by Hamilton Harris, one of the Defendants. On the 28th day of August last, Harris obtained an order of one of the justices of this court, under which the papers in the cause were on the same day transferred by the clerk of the Court of Appeals to and filed in the office of the clerk of Albany county, in which county Harris resided. It appeared that a few days previously the Plaintiff had procured an order from another justice of this court, directing that the papers in the cause be filed in the office of the clerk of Erie county, but that order was never executed.

The suit was a creditor's bill filed by the Plaintiff, and involved an inquiry into an interest claimed by the Defendant in land lying in Erie county.

The Plaintiff and one of the Defendants resided in Erie county, and another Defendant resided in Niagara county, but Harris was the only appellant and the only Defendant who had appeared in the original cause, or who had any interest therein, the other Defendants having suffered the bill to be taken as confessed against them.

The Plaintiff noticed the cause for hearing at a general term of this court held at Buffalo, in the county of Erie, in November last, when a motion was made in behalf of the Defendant Harris, to strike the same cause from the calendar, which motion was denied by the court.

On the 6th of December, at the same general term, the cause was reached on the calendar, and a decree for affirmance taken by Plaintiff by default.

This cause was also noticed on the part of Harris, for hearing at a special term of this court, held at Albany by Justice PAIGE, on the first Monday of December last. A motion was made in behalf of the plaintiff, to strike the cause from the calendar, which was denied, and afterwards, at the same special term, and as the balance of evidence shows, on motion of Plaintiff's counsel, the cause was ordered by Justice PAIGE to be heard at a general term to be held in Albany, or some adjoining county.

The motion to vacate the decree for affirmance taken by default at Buffalo, was argued before Justice PARKER, at the Albany special term, in February, 1848.

H. HARRIS, *in Person.*

R. W. PECKHAM, *for Defendant.*

PARKER, Justice.—The question whether an appeal from a decree made by a Vice-Chancellor of the late Court of Chancery, was required by the Judiciary Act to be first heard at a special term, unless ordered by the justice holding the special term, to be heard at a general term, is not a new one in this court. It has been frequently presented, and has been uniformly held in this district and other districts, so far as I have learned, with a single exception, to be controlled by the 20th section of that Act. It was so decided in this district as early as the general term held in Greene county, in October last, and previous to and since that time, several causes of the description referred to, have been heard and decided at special term.

A very able opinion, however, of Mr. Justice Sill of the 8th district, leading to a different conclusion, has been shown me on the argument of this motion, which renders it necessary I should carefully review the question.

The language of a part of the 20th section of the Judiciary Act is as follows: " and *all* suits and proceedings in equity, in said Supreme Court, shall be first heard and determined at a special term of said court, unless the justice holding such special term shall direct the same to be heard at a general term."

I do not see how this language can be satisfied by applying it only to suits commenced in this court. The language is comprehensive and contemplates no exception. It embraces every suit and proceeding in equity "in said Supreme Court," and every suit pending in chancery became by a provision of the new constitution, on the first Monday of July last, a suit in the Supreme Court. I do not see how stronger language could be employed to embrace as well causes transferred to, as those commenced in this court.

And so the Legislature must have construed the section referred to, for by the 12th section of the recent amendment of the Judiciary Act, passed Dec. 14, 1847, it is provided that " all appeals from any Vice-Chancellor, which may be heard by the Supreme Court, may be first heard at a general term thereof.

The necessity for enacting this section clearly implies that no power to first hear such causes at a general term previously existed. It operates as a legislative construction of the previous enactment.

If the language of the 20th section was ambiguous, it would have been proper to look at the general policy of the act, with a view so to construe it as to promote the harmony and wisdom of the plan; but the words employed being plain, clear and explicit, I am not at liberty to

disregard their obvious meaning, for the purpose of improving the judiciary system. We can only in such cases look to the Legislature for a remedy if one is needed. But without such legislative correction there would have been no incongruity in the system, it being always in the power of the Justice holding the special term, and in many cases obviously proper, to order an appeal cause or any other cause involving important questions, to be heard at a general term. Some of the causes in which appeals are brought for delay only, or which are unimportant either as to the amount or the principle involved, could be sooner and quite as well decided at the special term.

The 70th equity rule of this court cannot be considered as giving by analogy any construction to the section of the Judiciary Act under consideration. Having been, with one of my brethren of this district, on the committee that framed the equity rules, I well know that the fact, that the language of the 70th rule conflicted with the statute, escaped our attention, as it did also the attention of the whole court, on their examining our report. We have already had occasion to decide in this district, that that portion of the 70th rule which allows "all appeals from the final orders and decrees of County Courts and surrogates to be heard at a general term" is a nullity, as conflicting with the statute, unless such appeals are so ordered to be heard by a justice holding a special term. In framing rules for a new system, some such errors are unavoidable, and the rules as well as the Judiciary Act must be expected to require subsequent amendment when experience shall have disclosed their defects.

When the 20th section says that all suits and proceedings in equity shall be *first heard* at a special term, it evidently means when first heard in this court, and is to be considered in connexion with the next clause of the same section, which provides for a re-hearing at a general term.

The Legislature not having conferred on the general term any power to hear a cause on appeal, until it had been first heard at a special term, or until it was ordered to be heard at a general term by a justice holding the special term, I cannot avoid the conclusion that there was no jurisdiction to authorize the making of the decree on the 6th December last.

I have thus examined this question under the broad language of the statute, without adverting to the fact that the appeal was made since the first Monday of July, 1847. An appeal has been held to be a new suit or proceeding. *Lampman* v. *Hand*, 4 Paige, 12.; *Dennison* v. *Visscher*, 5 Paige, 61. And the suit or proceeding in question was therefore commenced in this court, and not transferred to it by the new constitution.

But I think there is another reason why the proceedings of the general term in Erie county were irregular. On the 28th day of August last, the papers in this cause had been transferred on the application of the Defendant Harris, by the order of a justice, under the 142d rule of this court, to the clerk's office of Albany county. That rule requires the papers to be transferred and filed in some county in which the bill would have been filed, if the suit had been commenced in this court. The bill in this case, not being filed for any of the purposes specified in the 50th section of the Judiciary Act relating to land, must, of course, be governed by the first clause of that section; and if the suit had been commenced in this court, it would have been required to have been filed in the county where one of the Defendants resides. It is the convenience of the Defendant, and not of the Plaintiff, that is consulted by the statute. As Harris was the only Defendant interested in the controversy, and the only party Defendant to the appeal, it was eminently proper and within the intention of the act that the bill should be filed with reference to his convenience alone.

The 142d rule directs that when papers are transferred, as therein provided, the cause " shall be heard in some county in which the same could have been heard, if the suit or proceeding had been commenced in this court."

If, therefore, this appeal had been a suit or proceeding pending on the first Monday of July last, (as it certainly was not,) and within the last clause of the 51st section of the Judiciary Act, providing that motions in it should be made in the county where the Defendants, or one of them, reside, or in an adjoining county, yet, by the language of the 142d rule above quoted, a further restriction is imposed, requiring it to be heard in some county in which it might have been heard if commenced in this court.

The last clause but one of the 51st section requires " all motions in suits and proceedings in equity, to be made in the county where said suit or proceeding is pending, or in an adjoining county."

I suppose there can be no doubt but after the transfer to and filing of the papers in this cause in Albany county, the suit would be deemed to be pending in that county, and all subsequent papers would be required to be filed and all orders and decrees entered there under the provision of the 50th section of the Judiciary Act.

It is certainly very desirable, as a matter of convenience, to have the practice uniform, and in all cases to allow motions to be made only in the county where the suit is pending or in an adjoining county, and such was the object of the rule.

It is true the statute has given to the Plaintiff the right of determining in which county he will file his bill of complaint, when he commences a suit in this court, but when the papers are to be transferred to enable a Defendant to prosecute an appeal, the 142d rule has given either party the right to procure the order: and such an order when duly executed must be binding, until set aside on motion.

I think, therefore, that after the transfer of the papers, it was irregular for either party to notice the cause for hearing in any other county than Albany or an adjoining county.

If this appeal was a new suit or proceeding, the filing in Albany county of the papers by which the appeal was brought, would render it necessary that all subsequent papers should be filed there, and in that case, independant of the 142d rule, the 50th and 51st sections of the Judiciary Act would restrict the jurisdiction for hearing the cause to Albany county or an adjoining county.

In addition to the views of the case above expressed, there are other points presented on the papers before me. This cause was on the calendar for hearing at the Albany special term. The moving party here swears that when the court denied Plaintiff's application to strike it from the calendar, it was ordered to be heard at a general term to be held in Albany or an adjoining county, and that such motion was made by the Plaintiff's counsel. The counsel for Plaintiff swears he has no recollection of making any such motion, and thinks he did not make it, but does not positively disprove it, but the copy order entered on that occasion states the fact to be as claimed by the Defendant. The weight of evidence on this point is with the Defendant and tends to establish what I think must be regarded as a waiver of any further right under the decree taken in Erie county.

I find, on examining the opinion of Mr. Justice Sill, that it did not appear before him, as is clearly established here, that the papers had been actually transferred and with the appeal papers filed in the clerk's office of Albany county under the order of 28th August, and so material a circumstance, if known to him at the time, would no doubt have had great influence leading the mind of the learned justice to a different conclusion on the question before him.

On the whole facts before me, I think the decree taken by default must be set aside—but as there has been some conflict of opinion with regard to the practice, no costs of motion are awarded.